UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                                                )<br>                  Plaintiff,                   )<br>                                                                )<br>                  v.                              )<br>                                                                )<br>**Shelly Ann HUFF (D1)**             )<br>       and                                          )<br>**Gloria GOMEZ (D2)**                )<br>**AKA: Maria GARCIA-Lopez**  )<br>                                                                )<br>                  Defendants.           )<br>_____) | Magistrate Case No._____<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8, U.S.C., Section 1324(a)(2)(B)(ii)-<br>Bringing in Illegal Alien(s) for<br>Financial Gain<br>Title 18, U.S.C., Section 2-<br>Aiding and Abetting<br>Title 18 U.S.C., Section 911 –<br>False claim to citizenship |

The undersigned complainant being duly sworn states:

### Count I

On or about **December 6, 2007**, within the Southern District of California, defendants **Shelly Ann HUFF (D1) and Gloria GOMEZ AKA: Maria GARCIA-Lopez (D2)**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, **Ricardo MANZO-Sanchez**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

### Count II

On or about **December 6, 2007**, within the Southern District of California, defendant **Gloria GOMEZ AKA: Maria GARCIA-Lopez (D2)**, did falsely and willfully represent to Department of Homeland Security, Bureau of Customs and Border Protection Officer F. Salamat, a person having good reason to inquire into the nationality status of the defendant, that she was a citizen of the United States; whereas, in the truth and fact, as the defendant then and there well knew, she was not a citizen of the United States; in violation of Title 18, United States Code, Section 911.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **10**<sup>TH</sup> DAY OF **DECEMBER,** 2007.

UNITED STATES MAGISTRATE JUDGE



## PROBABLE CAUSE STATEMENT

I, United States Customs and Border Protection (CBP) Enforcement Officer Fernando Cerda, declare under penalty of perjury the following to be true and correct:

The complainant states that **Ricardo MANZO-Sanchez** is a citizen of a country other than the United States; that said alien has admitted he is deportable; that his testimony is material; that it is impracticable to secure his attendance at trial by subpoena; and that he is a material witness in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On December 06, 2007 at approximately 8:30 PM, **Shelly Ann HUFF (Defendant 1)** made application for admission into the United States at the San Ysidro Port of Entry driving a white '93 Chevrolet Cavalier. Three passengers were visibly present in the vehicle; **Gloria GOMEZ AKA: Maria GARCIA-Lopez (Defendant 2)**, a U.S. citizen minor child and an adult male. Defendant 1 presented herself and all occupants of the vehicle for inspection before a Customs and Border Protection Officer.

Both defendants declared to be citizens of the United States and presented valid California identification as form of identity. Defendant 1 also presented a valid California birth certificate on behalf of the child and a valid border crossing card (Form DSP-150) on behalf of the adult male passenger declaring him to be "Gilberto Sanchez-Banda." The primary officer queried the vehicle plates and received information to refer the vehicle to secondary. All occupants were escorted to secondary for a more thorough inspection.

In secondary, further investigation revealed the adult male to be an impostor to the entry document and was deemed to be a citizen of Mexico who has no entitlements to entry, passage or residency in the United States. He is now identified as material witness **Ricardo MANZO-Sanchez**.

Ten-print fingerprint comparisons were obtained from Defendants 1 and 2. Both defendants were identified as documented recidivist alien smugglers. Defendant 2 was also identified as a criminal alien previously removed from the United States. All parties were referred to the Prosecutions Unit for further processing.

Both defendants were advised of their Miranda rights and agreed to submit to questioning without benefit of counsel. Videotaped interviews were obtained from both defendants who gave the following declaration: Defendant 1 admitted that she knew the material witness was not entitled to the entry document and attempted to smuggle said male across the border for the monetary sum of $1,100.00 USD; half of which she was to split with her relative: Defendant 2.

Defendant 2 denied knowing the material witness had no legal right to enter the United States. Defendant 2 also denied having been ordered deported and removed from the U.S. to Mexico. Immigration records reflect Defendant 2 is a citizen of Mexico with no legal right to enter, pass through or remain in the United States. Records also reflect Defendant 2 was ordered deported by an Immigration Judge on or about June 1, 2007 and removed from the country to Mexico.

**Continuation of Probable Cause Statement**
**Re: Shelly Ann Huff (D1) and Gloria Gomez aka: Maria GARCIA-Lopez (D2)**

Material witness was also interviewed and a videotaped statement obtained with the following declaration: Material witness declared to be a citizen of Mexico with no legal right to enter the U.S. Material Witness' brother contracted with an unknown smuggler to smuggle material witness across the border for a monetary sum ranging between $2,000-2,500.00 USD payable upon his arrival in California.

Material witness was instructed to proceed to an undisclosed location and wait to be picked up. Material witness complied. Defendant 1 arrived at the location with Defendant 2 inside the vehicle. Defendant 1 instructed material witness to enter the vehicle. Material witness complied. Defendant 1 asked Material witness if he had memorized the biographical information contained on the entry document. Material witness replied that he had and handed the entry document to Defendant 1. Defendant 1 drove directly to the port of entry where they were apprehended.

EXECUTED ON THIS 7th DAY OF **December 2007** at **3:00 PM**.

_____
Fernando Cerda / CBP Enforcement Officer

On the basis of the facts presented in the Probable Cause Statement consisting of (2) pages, I find probable cause to believe that the defendants named therein committed the offense on **December 06, 2007** in violation of Title 8, United States Code, Section 1324.

_____
U.S. MAGISTRATE JUDGE

12/8/07 at 10:03 AM
DATE / TIME